**RECORD NO. 15-3065**

ORAL ARGUMENT HAS NOT YET BEEN SCHEDULED

In The

# United States Court of Appeals
### For The District of Columbia Circuit

# UNITED STATES OF AMERICA,

*Plaintiff - Appellee*,

**v.**

# MARQUETTE BOSTON, ALSO KNOWN AS TRAP, ALSO KNOWN AS QUETTE,

*Defendant - Appellant*.

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

## BRIEF OF APPELLANT

| | |
|---|---|
| **Pleasant S. Brodnax, III** | **Mary E. Davis** |
| LAW OFFICE OF PLEASANT S. BRODNAX | DAVIS & DAVIS |
| **1701 Pennsylvania Avenue, NW, Suite 300** | **1350 Connecticut Avenue, NW, Suite 202** |
| **Washington, DC 20006** | **Washington, DC 20036** |
| **(202) 462-1100** | **(202) 234-7300** |
| | |
| *Counsel for Appellant* | *Counsel for Appellant* |

THE LEX GROUP^DC ♦ 1825 K Street, N.W. ♦ Suite 103 ♦ Washington, D.C. 20006
(202) 955-0001 ♦ (800) 856-4419 ♦ Fax: (202) 955-0022 ♦ www.thelexgroup.com

## Circuit Rule 28 Certificate
## As to Parties, Rulings and Related Cases

(A)    Parties and Amici.  This appeal arises from a criminal proceeding involving the defendant Marquette Boston and the United States of America.  Codefendants Breal Hicks, Ira Adona, Keith Matthews, Condovia Eddie and Dwayne Brown also appeared below.  This Court consolidated Marquette Boston's appeal with the appeals of Keith Matthews, Ira Adona, Marquette Boston and Dwayne Brown.  Mr. Brown's appeal was subsequently deconsolidated.  There are no intervenors or amici.

(B)  Ruling Under Review:  This is an appeal from the judgment of the district court (Honorable Richard J. Leon), entered September 10, 2015.  In particular, Appellant Boston submits that there was insufficient evidence to support his conviction.

(C)  Related Cases:  Appellant was previously a party to the government's interlocutory appeal in this case that was filed on July 31, 2014 and dismissed by this court on August 7, 2014.  *United States v. Hicks*, 14-3052, 2014 WL 4627805, at *1 (D.C. Cir. Aug. 7, 2014).  The consolidated appeals of Ira Adona and Keith Matthews are pending before this Court.  *United States v. Ira Adona,* No. 15-3067; *United States v. Keith Matthews* No. 15-3066.  The appeal of codefendant Dwayne Brown was deconsolidated.  *United States v. Brown,* No. 15-3056.

i

# Table of Contents

**Page**

Circuit Rule 28 Certificate As to Parties, Rulings and Related Cases........................i

Table of Contents ........................................................................................ ii

Table of Authorities ................................................................................... iii

Jurisdictional Statement ...............................................................................1

Statement of the Issues.................................................................................2

Constitutional Provisions, Statutes and Rules .............................................2

Statement of the Case...................................................................................3

Statement of Relevant Facts.........................................................................4

Summary of the Argument............................................................................5

Argument......................................................................................................5

      I.     There Was Insufficient Evidence To Convict Appellant ......................5

           A.    Standard of Review....................................................................5

           B.    Conviction of Possession With Intent to Distribute
               Cannot Stand ...........................................................................5

Conclusion ...................................................................................................7

Certificate of Compliance

Certificate of Filing and Service

## Table of Authorities

**Page(s)**

**Cases**

*Jackson v. Virginia*,
　　443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) ..................................5

*United States v. Dingle*,
　　114 F.3d 307 (D.C. Cir. 1997)...................................................................5, 6

*United States v. Gibbs*,
　　904 F.2d 52 (D.C. Cir. 1990).........................................................................6

*United States v. Lucas*,
　　67 F.3d 956 (D.C. Cir. 1995)......................................................................6, 7

**United States v. Thorne*,
　　997 F.2d 1504 (D.C. Cir. 1993).....................................................................6

*United States v. Walker*,
　　99 F.3d 439 (D.C. Cir. 1996).........................................................................5

**Statutes**

18 U.S.C. § 922(g)(1)........................................................................................3

18 U.S.C. § 924(c) .............................................................................................3

18 U.S.C. § 924(k) .............................................................................................3

18 U.S.C. § 3231 ................................................................................................1

21 U.S.C. § 841 .................................................................................................2

*\*Chief Authorities are Designated by an Asterisk.*

28 U.S.C. § 1291 ..................................................................................................2

D.C. Code § 11-502(3)........................................................................................1

iv

# UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

### No. 15-3065
_____

### UNITED STATES OF AMERICA,

#### Appellee,

#### v.

### MARQUETTE BOSTON,

#### Appellant.

### APPELLANT'S OPENING BRIEF
_____

### Jurisdictional Statement

On July 16, 2013, Marquette Boston was named along with three others in an Indictment charging various narcotics based offenses. A Superseding Indictment was filed September 10, 2013, charging Boston and others with both federal and local offenses. JA 72-98.[1] The district court had jurisdiction pursuant to 18 U.S.C. § 3231 and D.C. Code § 11-502(3). Final judgment was filed on September 10, 2015. JA 267-273. A timely notice of appeal was filed on

_____

[1] The pleadings are in Joint Appendix Volume One. The relevant transcript pages are in Volume Two. Sealed materials are in Volume Three. Citations to the Joint Appendix are noted as "JA __."

September 8, 2015.  JA 265.  This Court has jurisdiction pursuant to 28 U.S.C.

§ 1291.

## Statement of the Issues

1.  There was insufficient evidence to convict Appellant Boston with

Unlawful Possession With Intent to Distribute Phencyclidine.

## Constitutional Provisions, Statutes and Rules

**21 U.S.C. 841**

**(a) Unlawful acts**
Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

**(1)** to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or ...

**(b) Penalties**

**(1)(C)** In the case of a controlled substance in schedule I or II, gamma hydroxybutyric acid (including when scheduled as an approved drug product for purposes of section 3(a)(1)(B) of the Hillory J. Farias and Samantha Reid Date-Rape Drug Prohibition Act of 2000), or 1 gram of flunitrazepam, except as provided in subparagraphs (A), (B), and (D), such person shall be sentenced to a term of imprisonment of not more than 20 years and if death or serious bodily injury results from the use of such substance shall be sentenced to a term of imprisonment of not less than twenty years or more than life, a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18 or $1,000,000 if the defendant is an individual or $5,000,000 if the defendant is other than an individual, or both. If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years and if death or serious bodily injury results from the use of such substance shall be sentenced to life imprisonment, a fine not to exceed the greater of twice that authorized in accordance with the provisions of Title 18 or $2,000,000 if the defendant is an individual or $10,000,000 if the defendant is other than an individual, or both.

2

Notwithstanding section 3583 of Title 18 any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 3 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a term of supervised release of at least 6 years in addition to such term of imprisonment. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under the provisions of this subparagraph which provide for a mandatory term of imprisonment if death or serious bodily injury results, nor shall a person so sentenced be eligible for parole during the term of such a sentence.

## Statement of the Case

In July 2013, a federal grand jury indicted Marquette Boston and three others with participating in a conspiracy to distribute and possess with intent to distribute Phencyclidine, also known as "PCP." The indictment was superseded on September 10, 2013 and added Dwayne Brown and Keith Matthews as co-defendants. The alleged conspiracy was said to take place in the Woodbury Village apartment complex in Southeast Washington, D.C. JA

Marquette Brown, along with co-defendants Matthews and Brown, were tried before a jury. Prior to deliberations, the district court granted Boston's motion for judgment of acquittal as to the conspiracy and the possession of body armor counts. JA 466. The jury returned verdicts of not guilty as to the counts alleging violations of 18 U.S.C. § 924(c), § 922(g)(1), and § 924(k). The jury convicted Boston of possession with intent to distribute Phencyclidine. JA 9. The district court sentenced Boston to 96 months incarceration followed by 60 months supervised release. JA 267-73. Boston filed a timely notice of appeal. JA 265.

3

**Statement of Relevant Facts**

An apartment leased by Conovia Eddie was searched on April 26, 2013.  Mr.

Boston was present when law enforcement entered the apartment. The officers

recovered the following during the search: marijuana located on the kitchen

counter, a vial of PCP in the garbage can located in the kitchen, a cell-phone

belonging to Boston, pills from a bedroom closet, green weed substance from

within the couch, a vial with residue from an entry way closet[2], a bulletproof vest

behind the couch, a firearm stored in a vent, a book bag with a box of ammunition

(that did not fit the gun that was recovered) in the entry way closet, as well as a

Halloween bag with PCP and candy.  A key to the apartment's front door was

recovered from Boston's person.  Boston's fingerprints were not found on the

firearm or the ammunition.  There was no mail matter addressed to Mr. Boston in

the apartment.  No tally sheets were recovered. There were no large amounts of

currency found in the apartment or on Mr. Boston's person.  JA 360-406.

The testimony at trial established that others stored PCP in Eddie's

apartment.  For instance, there was testimony that "Black" stored PCP in the

apartment and when he went to check on it, it was missing.  JA 355.

---

[2] Boston's palm print was recovered from this empty vial.  JA 409, 436.  His
fingerprints were not recovered from any other item seized.

4

## Summary of the Argument

Mr. Brown argues that there was insufficient evidence to convict him.  The drugs at issue were hidden from view and other people had access to the apartment and stored PCP there.

## Argument

**I.     There Was Insufficient Evidence To Convict Appellant**

*A.     Standard of Review*

In assessing the sufficiency of the evidence, the court views the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor. *United States v. Walker*, 99 F.3d 439, 441 (D.C. Cir. 1996).  The inquiry is limited to the question of whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979).

*B.     Conviction of Possession With Intent to Distribute Cannot Stand*

Appellant submits that there was insufficient evidence to convict him of possession with intent to distribute PCP on April 26, 2013. The law in this circuit is well settled:  The mere presence of the accused on the premises, or simply his proximity to the drugs alone is insufficient to establish either constructive possession or aiding and abetting. *United States v. Dingle*, 114 F.3d 307, 310 (D.C. Cir. 1997).  To establish constructive possession, the government needed to

5

show not only that Boston knew of the drugs, but also that he was in a position to exercise dominion and control over them. *Id.*; *United States v. Lucas*, 67 F.3d 956, 959 (D.C. Cir. 1995). With the exception of the marijuana found on the counter, all other contraband was hidden in a various places in the apartment.

Not only was the contraband out of sight, but also others had access to the apartment and stored drugs there. This case is not unlike *United States v. Thorne*, 997 F.2d 1504, 1510 (D.C. Cir. 1993). In that case, the Court found insufficient evidence to convict Thorne with possession with intent to distribute. While Thorne lived in a bedroom where most of the drugs and some of the drug paraphernalia were found, the evidence showed that he shared the bedroom with at least four other people at various times. Moreover, all of the drugs and other contraband were concealed. Based on this evidence, the Court reversed the conviction. In this case, there was testimony that at least one other person stored drugs in the apartment and all of the contraband, except the marijuana on the counter, was hidden.

Certainly, intent to distribute "may be inferred from a combination of suspicious factors, such as possession of a relatively large amount of cash [and] weapons ..." *United States v. Gibbs*, 904 F.2d 52, 57 (D.C. Cir. 1990). But here, the jury acquitted Boston of all firearm offenses and the district court granted judgments of acquittal as to the conspiracy and body armor counts. The take away

6

point is that the jury rejected the government's theory that Boston was in control of all of the contraband found in the apartment.

Of course, the sticky wicket in this case is the palm print found on the empty vial and this is likely what influenced the verdict in this case. But that alone is not sufficient to find guilt. In *United States v. Lucas*, *supra*, the Court found insufficient evidence to convict the defendant where the only evidence linking him to the drugs was that his fingerprints were found on a shoebox containing drugs. In vacating the conviction, the Court considered that there were various drug stashes and others had access to the apartment. Moreover, there was no evidence of when the prints were placed on the item. Each of those factors are present in this case and Boston's conviction should likewise be set aside

In all, Mr. Boston submits that there was insufficient evidence to convict him of possession with intent to distribute PCP.

## Conclusion

Mr. Brown respectfully requests that this Court vacate his conviction.

7

Respectfully submitted,

/s/ Pleasant S. Brodnax, III
Pleasant S. Brodnax, III
Law Office of Pleasant S. Brodnax
1701 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20006
(202) 462-1100

/s/ Mary E. Davis
Mary E. Davis
Davis & Davis
1350 Connecticut Avenue, NW
Suite 202
Washington, DC 20036
(202) 234-7300

## Certificate of Compliance

1.    This brief complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

[ X ] this brief contains [*1,654*] words.

[    ] this brief uses a monospaced type and contains [*state the number of*] lines of text.

2.    This brief document complies with the typeface and type style requirements because:

[ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

[    ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: March 17, 2017                              /s/ Pleasant S. Brodnax, III
                                                   *Counsel for Appellant*

                                                   /s/ Mary E. Davis
                                                   *Counsel for Appellant*

**Certificate of Filing and Service**

I hereby certify that on this 17th day of March, 2017, I caused this Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Elizabeth Trosman
Elizabeth H. Danello
James A. Ewing
U.S. ATTORNEY'S OFFICE
(USA) Appellate Division
555 4th Street, NW
Washington, DC  20530
(202) 252-6829

*Counsel for Appellee*

I further certify that on this 17th day of March, 2017, I caused the required copies of the Brief of Appellant to be hand filed with the Clerk of the Court.

/s/ Pleasant S. Brodnax, III
*Counsel for Appellant*

/s/ Mary E. Davis
*Counsel for Appellant*